UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL MARTIN,

    Plaintiff,

v.                              Case No. 2:13-CV-13999

STATE OF MICHIGAN, et al.,

    Defendants,
_____/

**ORDER OF SUMMARY DISMISSAL**

        Plaintiff is an inmate confined at the Genesee County Jail In Flint, Michigan. On September 19, 2013, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required Plaintiff to provide a Prisoner's Application to Proceed Without Prepayment of Fees and Costs and Authorization to Withdraw from Trust Fund Account, a current Certification/Business Manager's Account Statement, and a statement of Trust Fund Account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. Alternatively, the order allowed Plaintiff to pay the four hundred ($ 400.00) dollar filing fee in full.

        On September 27, 2013, Plaintiff filed an "Application to Proceed in District Court Without Prepayment of Fees or Costs." Plaintiff, however, has failed to provide this court with a written authorization to withdraw funds from his jail trust fund account. Plaintiff has also failed to provide the court with a certified trust account statement.

        The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to

pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In Re Prison Litigation Reform Act,* 105 F. 3d 1131, 1138 (6th Cir. 1997). The statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Under the PLRA, a prisoner may bring a civil action *in forma pauperis* if he files an affidavit of indigency and a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C.A. § 1915(a). If the inmate does not pay the full filing fee and fails to provide the required documents, the district court must notify the prisoner of the deficiency and grant him thirty days to correct it or pay the full fee. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir.1997). If the prisoner does not comply, the district court must presume that the prisoner is not a pauper, assess the inmate the full fee, and order the case dismissed for want of prosecution. *Id.*

Plaintiff's application to proceed without prepayment of fees and costs is deficient because he failed to file an authorization to withdraw funds from his jail trust account. The moment Plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore*, 114 F. 3d at 605. Plaintiff's application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 F. App'x 530, 533 (3rd Cir. 2010).

Plaintiff has also failed to provide the court with a signed certification regarding trust fund account.  An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2), nor would it cure the deficiency in this case. *See Hart v. Jaukins,* 99 F. App'x 208, 209-10 (10th Cir. 2004); *see also Moore v. Vantifflin,* No. 2009 WL 224548, * 1 (E.D. Mich. January 30, 2009).

Finally, Plaintiff has failed to provide the court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.  Plaintiff's complaint is thus subject to dismissal for lack of prosecution because of his failure to correct the deficiency by providing the court a copy of his computerized prison trust fund account for the past six months. *See Davis v. United States,* 73 Fed. App'x. 804, 805 (6th Cir. 2003).

Plaintiff has to failed to correct the deficiency in this case.  Because Plaintiff has failed to comply with the deficiency order, the court will dismiss the complaint without prejudice for want of prosecution based upon plaintiff's failure to fully comply with the deficiency order. *See e.g. Erby v. Kula,* 113 Fed. App'x. 74, 75-76 (6th Cir. 2004).

Accordingly, IT IS ORDERED that the complaint [Dkt. Entry # 1] is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

                                      s/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated:  October 30, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 30, 2013, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522